IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL P. CORBIN<br>21409 Mt. Lena Road<br>Boonsboro, MD 21713<br><br>PLAINTIFF,<br><br>v.<br><br>COIN-OP WAREHOUSE, LLC<br>435 East Franklin Street<br>Hagerstown, MD 21740<br><br>Serve: Resident Agent:<br>LLOYD THOBURN<br>14324 Ashleigh Green Road<br>Boyds, MD 20841<br><br>and<br><br>LLOYD THOBURN<br>14324 Ashleigh Green Road<br>Boyds, MD 20841<br><br>DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Michael P. Corbin ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Coin-Op Warehouse, LLC ("Coin-Op") and Lloyd Thoburn ("Thoburn") (together, "Defendants") for violations of Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); violation of the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401, *et seq.*, ("MWHL"); and violation of the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.* ("MWPCL").

## PARTIES AND JURISDICTION

1. Plaintiff is over twenty-one years of age and a resident of Washington County, State of Maryland. By authorizing his counsel to file this action, Plaintiff has consented to participate as a Plaintiff in an FLSA action.

2. Coin-Op is a corporation formed under the laws of the Commonwealth of Virginia and authorized to operate in the State of Maryland as a foreign LLC. Coin-Op has its principal place of business in Hagerstown, Washington County, Maryland. At all times relevant to this action, Coin-Op was an enterprise engaged in commerce and in the production of goods for commerce, and operated continuously in the State of Maryland.

3. Thoburn is the principal owner, CEO, and President of Coin-Op. Thoburn is the principal managing officer in charge of the day-to-day operations of Coin-Op.

4. At all times relevant to this action, Coin-Op was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times relevant to this action, Coin-Op has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

5. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6. On information and belief, Coin-Op has operated in Washington County, Maryland with Thoburn as Coin-Op's principal officer at all relevant times during Plaintiff's employment.

Thoburn made all decisions of consequence regarding the business and management of Coin-Op, including how much, whether, and in what form to pay Plaintiff.

7. At all times during Plaintiff's employment, Defendants were Plaintiff's "employer" for purposes of the MWHL and the MWPCL.

8. Plaintiff worked for Defendants for approximately fifteen (15) years, including from approximately November 2018 through approximately July 30, 2021, when Thoburn terminated his employment. During the last three (3) years of his employment, Plaintiff provided a variety of services to Defendants, including much long-distance driving, local deliveries and pick-ups in Defendants' vehicles, renovation services at Thoburn's properties, and handyman services, including at Thoburn's personal residence. At no time during the past three (3) years did Plaintiff perform any services that would render him exempt from overtime pay.

9. Throughout the last three (3) years of Plaintiff's employment, Plaintiff typically and customarily worked many hours per week in excess of forty (40) ("overtime hours").

10. Defendants paid Plaintiff a fixed salary of approximately Two Thousand Four Hundred Dollars ($2,400.00) per two-week pay period.

11. Defendants' failure to pay Plaintiff overtime hours at the overtime rate, as required by the FLSA, the MWHL, and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of FLSA
### (Overtime Wages)

12. Plaintiff realleges and reasserts each and every allegation set forth in the paragraphs above, as if each were set forth herein.

13. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

14. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were his "employer" under the FLSA, 29 U.S.C. § 207(a)(2).

15. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff, an employee who was not exempt from overtime pay, at the overtime rate of one-and-one-half (1½) times his regular rate ("the overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

16. As set forth above, during the term of his employment, Plaintiff worked many overtime hours.

17. As set forth above, Defendants failed and refused to compensate Plaintiff at the FLSA-required overtime rate equal to one-and-one-half (1½) times his regularly hourly rate for his overtime hours worked each week.

18. Defendants' failure and refusal to pay Plaintiff at the overtime rate, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## Violation of Maryland Wage and Hour Law
## (Overtime Wages)

19. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

20. Plaintiff was an "employee" and Defendants were each his "employer" within the meaning of the MWHL. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff, as a non-exempt employee, overtime compensation under § 3-415 and § 3-420 of the MWHL. Defendants were required to compensate Plaintiff at the overtime rate for all overtime hours worked.

21. Plaintiff performed work duties in exchange for a salary of approximately Two Thousand Four Hundred Dollars ($2,400.00) per two-week pay period.

22. Plaintiff customarily worked more than forty (40) hours per week.

23. At all relevant times, Defendants directed and had knowledge that Plaintiff typically worked more than forty (40) hours per week, or they suffered or permitted Plaintiff to work more than forty (40) hours per week.

24. Defendants, as Plaintiff's "employer," were obligated to compensate Plaintiff at his overtime rate for all overtime hours Plaintiff worked in each workweek.

25. As discussed *supra*, Defendants had actual or constructive knowledge of all hours worked by Plaintiff, including overtime hours. Nonetheless, Defendants willingly and knowingly failed and refused to pay Plaintiff for his overtime hours at the overtime rate required under the MWHL.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount

as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
## Maryland Wage Payment and Collection Law
## (Unpaid Wages)

26. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

27. Plaintiff was Defendants' "employee" pursuant to the MWPCL, MD. CODE ANN., LABOR & EMPLOY. § 3-501 and § 3-502.

28. Defendants were each Plaintiff's "employer" pursuant to the MWPCL § 3-501 and § 3-502.

29. As Plaintiff's "employer" under the MWPCL, Defendants were obligated to pay Plaintiff all wages due to him for the work that he performed, including overtime wages at the overtime rate.

30. As detailed above, Defendants failed to compensate Plaintiff for overtime wages at the overtime rate.

31. Defendants' failure and refusal to pay wages due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid wages, including but not limited to overtime wages, in such amounts as may be proved at trial, for two times (2x) the amount of all unpaid wages as additional damages, interest (both pre- and post-judgment), for attorney's fees, costs, and expenses of this action, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

*/s/ Philip B. Zipin*

Philip B. Zipin, Esq., Bar No. 03932
Roy Lyford-Pike, Esq., Bar No. 19836
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
Email: pzipin@zagfirm.com
         rlpike@zagfirm.com

*Counsel for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

*/s/ Philip B. Zipin*

Philip B. Zipin